This is an action for specific performance of a contract to sell real estate bought by the vendees. The contract in question was dated March 19th, 1926. The price was $8,500, $1,000 of which, paid by the purchasers on the execution of the contract, is still in the hands of the vendors. By the terms of the contract title was to pass on June 19th, 1926, and the vendors were at that time to convey the premises by warranty deed, free of all encumbrances, except certain ones stated in the contract.
After the execution of the contract and before the time for the closing the vendees discovered on file a lien claim against the premises in the sum of $1,257.45. Just before the date fixed for the closing the vendees wrote the vendors notifying them of the lien claim, at the same time asking that the closing of title be postponed because of the fact that no report had been received from Trenton as to possible judgments against the premises.
The lien was not satisfied until September 15th, 1927.
On July 16th, 1926, the vendors wrote the vendees to the effect that they would rescind the contract and declare the *Page 271 
same void unless title be closed on or before August 5th, 1926. On August 16th, 1926, the vendees wrote the vendors to the effect that the lien had not been satisfied and that they were ready to carry out the contract as soon as they received notice that the lien had been removed, and subsequently brought this action to compel a conveyance.
The question is whether these circumstances prevent a decree for specific performance. The vendors claim that time was made of the essence by their letter of July 16th, fixing August 5th for the closing and that the vendees' rights terminated because of failure to close on that date, and further that the vendees have been guilty of laches. I do not consider that either of these contentions has merit.
The contract required the vendors to deliver a deed with a warranty against encumbrances. The lien on record was an encumbrance and it is the duty of the vendor to remove this encumbrance. It would seem that the lien claim was probably of no validity and perhaps did not constitute any great impairment of the validity of the title, but at the same time it was unquestionably the duty of the vendors to clear the title.Reade v. McKenna, 99 N.J. Eq. 764.
As shown by the testimony, the vendees expressly and repeatedly stated to the vendors that they were ready to take title in accordance with the contract as soon as the lien should be discharged. This they had a right to ask and their refusal to act without the removal of this encumbrance was justified. This being so, the vendors being themselves at fault had no right to rescind the contract on the date fixed by them.
As to laches, I do not consider that the vendees have been guilty of any such unreasonable delay as to bar the relief asked. The doctrine of laches is based on the injustice to the defendant because of an unreasonable delay in the assertion of rights by the opposite party. No such reason is disclosed here. The vendors were not in a position to tender performance at any time and it clearly appears that the vendees continued ready to close the title upon notice that the title had been cleared.
Since the lien has been satisfied there is no question now of any abatement. A decree granting specific performance to the complainants will be advised. *Page 272